1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ISABEL TUBACH,

                Plaintiff,

    v.

BROWN, et al

                Defendants.

**Case No.  1:12-cv-00649-SMS**

**ORDER DENYING MOTION TO
SUPPLEMENT/AMEND COMPLAINT
AS UNNECESSRY**

**RESPONSE DUE WITHIN THIRTY (30) DAYS**

Plaintiff Isabel Tubach ("Plaintiff") is a prisoner in the custody of the California

Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 23, 2012,

Plaintiff filed a motion seeking to "support" the Complaint.  (ECF No. 4.)  This motion is

construed as a motion to amend the Complaint.

Plaintiff has not previously amended and therefore, at this stage in the proceedings, she

may amend her pleading once as a matter of right, without leave of court.  Fed. R. Civ. P.

15(a)(1).  Alternatively, if Plaintiff decides not to file a first amended complaint, she must so

notify the Court and the Complaint be placed in line for screening.  28 U.S.C. § 1915A(a).

If Plaintiff chooses to amend, her first amended complaint should be brief, Fed. R. Civ. P.

8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

1

constitutional or other federal right so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). Plaintiff's allegations should briefly describe the alleged personal involvement of each individual defendant in the acts that allegedly violated her rights. Where possible, Plaintiff should state the dates of each wrongful act she attributes to each Defendant. If Plaintiff does not know an exact date, an approximate date should be alleged. Plaintiff should be specific as to personal involvement by each named Defendant and should refrain from using conclusions, generalities, or legal terms of art. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The following are examples of unacceptable and acceptable allegations.

**Unacceptable examples**:

■ On January 1, 2013, Defendant A assaulted me.

■ On January 1, 2013, Defendant B watched Defendant A assault me.

**Acceptable examples**:

■ On January 1, 2013, Defendant A walked up to me in the hallway as I was walking to the dining hall and punched me in the nose three times using his right fist.

■ On January 1, 2013, Defendant B watched Defendant A walk up to me in the hallway as I was walking to the dining hall and punch me in the nose with his right fist once. Defendant B then failed to stop Defendant A from punching me in the nose with his right fist two more times.

Further, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. 127, 555 (2007) (citations omitted). Plaintiff must demonstrate in any first amended complaint how the conditions

2

complained of have resulted in a deprivation of her rights. *See* Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff may not change the nature of this suit by adding new, unrelated claims in a first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is further advised that any amended complaint supercedes the original, Lacey v. Maricopa County, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); *accord* Forsyth, 114 F.3d at 1474.

Accordingly, Plaintiff's "Motion to Support the Complaint," filed October 23, 2012 (ECF No. 4), is HEREBY DENIED as unnecessary. Within **thirty (30) days** of the mailing of this order, Plaintiff must either file a first amended complaint or notify the Court that she does not desire to do so.

IT IS SO ORDERED.

Dated:  **June 2, 2013**                          **/s/ Sandra M. Snyder**
                                                           UNITED STATES MAGISTRATE JUDGE