# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>           Plaintiff,<br><br>   v.<br><br>JERRY BROWN, Governor, et al.,<br><br>           Defendants. | Case No. 1:12-cv-00649-AWI-SMS (PC)<br><br>**ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE**<br><br>**(Doc. 10)** |

Plaintiff Isabel Tubach ("Plaintiff"), a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") proceeds *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on April 24, 2012. Doc. 1.

Plaintiff appears to allege that she is being physically and sexually abused and harassed in violation of the Eighth Amendment, though she does not identify any specific constitutional right that she feels was violated. Plaintiff has failed to state the dates of the occurrences of which she complains and merely stated many legal conclusions rather than detailed factual allegations.

On October 23, 2012, Plaintiff filed a motion to support the complaint. Doc. 4. On June 3, 2013, the Magistrate Judge ordered Plaintiff to submit an amended complaint or to advise the

///

1

Court of her intent not to amend.  Doc.9.  Plaintiff did not respond and has taken no further action with regard to this case.

On October 2, 2013, the Magistrate Judge issued an order to show cause why the action should not be dismissed for failure to follow a court order.  Doc. 10.  The order directed Plaintiff to respond within fifteen days and warned her that failure to comply would result in dismissal of the action.  Plaintiff did not respond.

Plaintiff has also failed to respond to three orders regarding consent to magistrate judge jurisdiction.  Docs. 6, 7, and 8.  Plaintiff was warned in the First Informational Order (Doc. 6) that failure to comply with a court order is grounds for sanctions up to and including dismissal of this action.  Local Rule 110; Fed. R. Civ. P. 41(b).

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).  These factors are not conditions that must be met in order for a court to take action but rather guide a court in deciding what to do.  *Id.* (*citation omitted*).

Based on Plaintiff's failure to comply with or otherwise respond to the above orders, the Court is left with no alternative but to dismiss the action for failure to prosecute.  *Id.*  This action can proceed no further without Plaintiff's cooperation and compliance with the orders at issue.  An action cannot remain idle and unprosecuted on the Court's docket.  *Id.*

Accordingly, the undersigned RECOMMENDS THAT THIS ACTION BE DISMISSED for failure to follow the Court's orders.

IT IS SO ORDERED.

Dated: __**October 23, 2013**__                    **/s/ Sandra M. Snyder**
                                                                         UNITED STATES MAGISTRATE JUDGE